Closed 8
FILED
JUL 11 2007
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ONE 2002 MERCEDES BENZ L320 ET. AL.

    Defendants.

Civil No. 05-74264
Honorable Julian Abele Cook
Magistrate Mona K. Majzoub

_____/

## STIPULATED CONSENT JUDGMENT AND FINAL ORDER OF FORFEITURE

NOW COME the Plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, STEPHEN J. MURPHY, United States Attorney, and T. N. ZIEDAS, Assistant United States Attorney, and Claimants CHONG CHANG and CHARLES HOLMES, through their attorney CAROLYN KAYE RANKE, SABRINA WILLIAMS and WINSOM WILLIAMS, JEANETTE LOGAN-LANE, and KENYETTA JOHNSON and submit this Stipulation for entry of the accompanying Consent Judgment and Final Order of Forfeiture ("Judgment and Order"):

WHEREAS, on or about October 24, 2005, the Plaintiff, UNITED STATES OF AMERICA, filed a Complaint for Forfeiture against the defendant vehicles, currency, bank accounts, and jewelry (collectively, the "defendants" or the "defendant properties"); and

WHEREAS, the parties have reached a settlement which is embodied in this Stipulation and in a Preliminary Consent Order of Forfeiture in U.S. v. Charles Holmes Jr. (Crim. Case No. 05-80391; Cook, J.; E.D. Mich.), and which is intended to resolve all claims and issues involving forfeiture in this case and in the criminal case, now, therefore;

IT IS HEREBY STIPULATED by and between the parties, as follows:

1) This action is a civil forfeiture action brought pursuant to 21 U.S.C. § 881(a)(6), 18 U.S.C. § 1956(a)(1)(B)(i).

2) This Court has jurisdiction and venue over this action pursuant to 28 U.S.C. §§ 1345, 1355 and 1395.

3) Upon entry of the accompanying Judgment and Order, Claimants shall be deemed to have answered the Complaint for Forfeiture in a timely and sufficient manner.

4) The allegations of the Complaint for Forfeiture were well taken, the United States and its agents had reasonable cause for the seizure of the defendants as provided in 28 U.S.C. §2465, the position of the United States and its agents or employees in this action was and remains substantially justified as provided in 28 U.S.C. §2412(d)(1)(B), and that the Claimants shall not claim or seek attorney fees from the UNITED STATES OF AMERICA under the Civil Asset Forfeiture Reform Act, the Equal Access to Justice Act, or any other act, statute or regulation.

5) The parties agree that Eighteen Thousand One Hundred Forty Eight Dollars and Seventy-Five Cents ($18,148.75) of the defendant Thirty Two Thousand Forty Nine Dollars and Three Cents ($32,049.03) in U.S. Currency shall **NOT** be forfeited, but shall be **RETURNED** to Claimant KENYETTA A. JOHNSON, and the remaining Thirteen Thousand Nine Hundred Twenty-Eight Cents ($13,900.28) shall be **FORFEITED** to the United States of America pursuant to 21 U.S.C.§881(a)(6) and/or 18 U.S.C. § 981(a)(1)(A) and/or (C). Any right, title or interests of JEANETTE LOGAN-LANE, TOP NOTCH SERVICES, TOP NOTCH INVESTMENTS, KENYETTA A. JOHNSON, CHARLES HOLMES, AND BIG DOGG ENTERTAINMENT GROUP, INC., and that of their successors and assigns, and any right, title

and interest of all other persons in the $13,900.28 in United States currency, is hereby and forever **EXTINGUISHED.** Clear title to said currency is hereby **VESTED** in the United States of America, and the United States Treasury is **AUTHORIZED** to dispose of the currency according to law.

6) The parties agree that One wedding ring of the defendant (53) Assorted Items of Jewelry shall **NOT** be forfeited, but shall be **RETURNED** to Claimant CHARLES HOLMES, and the remaining (52) assorted items of jewelry shall be **FORFEITED** to the United States of America pursuant to 21 U.S.C.§881(a)(6) and/or 18 U.S.C. § 981(a)(1)(A) and/or (C). Any right, title or interests of CHARLES HOLMES, and that of his successors and assigns, and any right, title and interest of all other persons in the (52) Items of Assorted Jewelry, is hereby and forever **EXTINGUISHED.** Clear title to said jewelry is hereby **VESTED** in the United States of America, and the United States Treasury is **AUTHORIZED** to dispose of the jewelry according to law.

7) The parties agree that the following Defendants:

a. Key Bank check numbered 65966824 in the amount of $433.21 in U.S. Currency;
b. Key Bank checks numbered 659966823 in the amount of $311.29 in U.S. Currency;
c. Key Bank check numbered 659966826 in the amount of $8,500.00 in U.S. Currency;
d. Key Bank check numbered 659966822 in the amount of $251.16 in U.S. Currency; and
e. Key Bank check numbered 659966825 in the amount of $1,894.31 in U.S. Currency,

collectively "$11,389.97 in U.S. currency", shall **NOT** be forfeited, but shall be **RETURNED** to Claimants SABRINA WILLIAMS & WINSON WILLIAMS.

8) The parties agree that the defendant Key Bank Check numbered 659966827 in the Amount of $12,960.40 in U.S. currency shall be **FORFEITED** to the United States of America

3

pursuant to 21 U.S.C.§881(a)(6) and/or 18 U.S.C. § 981(a)(1)(A) and/or (C). Any right, title or interests of CHARLES HOLMES, and that of his successors and assigns, and any right, title and interest of all other persons in the $12,960.40 in U.S. currency, is hereby and forever **EXTINGUISHED.** Clear title to said currency is hereby **VESTED** in the United States of America, and the United States Treasury is **AUTHORIZED** to dispose of the currency according to law.

9) The parties agree that the defendant 2002 Mercedes Benz L320, VIN: 4JG8AB54E72A327666, and defendant 2003 VW Passat, VIN: WVWVD63B63E120998, shall be **FORFEITED** to the United States of America pursuant to 21 U.S.C.§881(a)(6) and/or 18 U.S.C. § 981(a)(1)(A) and/or (C). Any right, title or interests of CHONG CHANG or CHARLES HOLMES, and that of their successors and assigns, and any right, title and interest of all other persons in the defendant vehicles are hereby and forever **EXTINGUISHED.** Clear title to said vehicles are hereby **VESTED** in the United States of America, and the United States Treasury is **AUTHORIZED** to dispose of the vehicles according to law.

10) The parties agree that the defendant Ninety Five Thousand Fifty Dollars ($95,050.00) in U.S. Currency, and defendant Fifty Seven Thousand Seventy-Two Dollars ($57,072.00) in U.S. Currency, shall be **FORFEITED** to the United States of America pursuant to 21 U.S.C.§881(a)(6) and/or 18 U.S.C. § 981(a)(1)(A) and/or (C). Any right, title or interests of CHARLES HOLMES, and that of his successors and assigns, and any right, title and interest of all other persons in the defendant currencies are hereby and forever **EXTINGUISHED.** Clear title to said currencies are hereby **VESTED** in the United States of America, and the United States Treasury is **AUTHORIZED** to dispose of the vehicles according to law.

11) Upon signing below, each Claimant releases, remises and forever discharges plaintiff, United States of America, its agents, officers, employees, past and present, and any other persons who participated in or assisted in any aspect of this forfeiture action, from any claims or causes of action each claimant has, had or may have, or that their agents, officers, employees, assigns, or successors in interest, have, had or may have, against the United States, *et al.*

12) The parties to this Stipulation have reviewed this settlement and fully understand its terms and conditions and the consequences of entering into it. The parties agree that they shall bear their own costs in this matter, except as otherwise specified herein..

13) Upon entry of the accompanying Consent Judgment and Final Order of Forfeiture, this case shall be DISMISSED WITH PREJUDICE and closed.


STEPHEN J. MURPHY
United States Attorney

By: T.N. ZIEDAS
Assistant United States Attorney
211 W. Fort. St. - Suite 2001
Detroit, MI 48226
(313) 226-9573
peter.ziedas@usdoj.gov
(P34653)

Dated: _____

By: Carolyn Kaye Ranke
Attorney for Claimant Charles Holmes
1220 W. Sixth Street, Suite ~~303~~ 700
Cleveland, Ohio 44113
(216) ~~241-1872~~ 575-7660
~~Kaye@bcoonlaw.com~~

Dated: 7/11/07

_____  _____
JEANETTE LOGAN-LANE          CHARLES HOLMES, JR.
Claimant                     Claimant

Dated: _____        Dated: _____

                             */s/ Sabrina Williams/*
_____  _____
CHONG CHANG                  SABRINA WILLIAMS
Claimant                     Claimant

Dated: _____        Dated: 2/19/07

*/s/ Winson Williams/*
_____  _____
WINSON WILLIAMS              KENYETTA JOHNSON
Claimant                     Claimant

Dated: 2/19/07               Dated: _____

****************************************************************************

## CONSENT JUDGMENT AND FINAL ORDER OF FORFEITURE

The court having reviewed the Stipulation executed by The Parties, and being otherwise advised in the matter, IT IS HEREBY ORDERED that this matter be dismissed with prejudice and without costs to any party, except as set forth in the above Stipulation, the totality of which is incorporated herein by reference.

Dated:                       _____
                             HONORABLE JULIAN ABLE COOK, JR.
                             United States District Judge

_____  _____
JEANETTE LOGAN LANE         CHARLES HOLMES, JR.
Claimant                    Claimant

Dated: _____      Dated: _____

_____  _____
CHONG CHANG                 SABRINA WILLIAMS
Claimant                    Claimant

Dated: 7/10/07              Dated: _____

_____  _____
WINSON WILLIAMS             KENYETTA JOHNSON
Claimant                    Claimant

Dated: _____      Dated: 7/11/07


********************************************************************************

## CONSENT JUDGMENT AND FINAL ORDER OF FORFEITURE

Upon the accompanying Stipulation executed by the plaintiff and all known claimants to the defendant properties, and the Court being otherwise fully advised in the premises, now, therefore;

IT IS HEREBY ORDERED the terms of the accompanying Stipulation are given full force and effect;

IT IS FURTHER ORDERED that upon return of the sums and property specified in the accompanying Stipulation, which is fully incorporated by reference in this Order, this matter

6

_____
JEANETTE LOGAN-LANE
Claimant

Dated: 4/16/07

_____
CHONG CHANG
Claimant

Dated: _____

_____
WINSON WILLIAMS
Claimant

Dated: 2 19 07

_____
CHARLES HOLMES, JR.
Claimant

Dated: _____

_____
SABRINA WILLIAMS
Claimant

Dated: 2 19 07

_____
KENYETTA JOHNSON
Claimant

Dated: _____

*******************************************************************************

## CONSENT JUDGMENT AND FINAL ORDER OF FORFEITURE

The court having reviewed the Stipulation executed by The Parties, and being otherwise advised in the matter, IT IS HEREBY ORDERED that this matter be dismissed with prejudice and without costs to any party, except as set forth in the above Stipulation, the totality of which is incorporated herein by reference.

Dated: July 11, 2007

_____
HONORABLE JULIAN ABLE COOK, JR.
United States District Judge

6